## B. F. McCreary et al. v. T. O'Flinn.

1. Certiorari.  *Who entitled to.*
   None but parties to the record or proceedings sought to be reviewed can prosecute or maintain a writ of *certiorari.*

2. Same.  *Granting of liquor license. Who not party to proceedings.*
   The municipal authorities of the town of W. granted license to F. to retail liquors. At the time no objection was raised by any citizen to the granting of the license, nor was there a counter petition of any sort on file. *Held,* that the qualified voters of such municipality are not entitled to prosecute a writ of *certiorari* to have the proceedings granting the license reviewed, they not being parties to the record of such proceedings.

Appeal from the Circuit court of Clay County.

Hon. W. M. Rogers, Judge.

In February, 1885, T. O'Flinn presented a petition to the Board of Mayor and Aldermen of the City of West Point for a license to retail vinous and spirituous liquors within the corporate limits of that city, and thereupon license for that purpose was issued to him. There was no objection raised by any citizen or qualified voter of West Point to the issuance of such license, nor was there a counter petition, either special or general, on file at the time of the granting the license.

In September, 1885, B. F. McCreary and eleven other qualified voters of the city of West Point petitioned the judge of the circuit court in vacation to grant a writ of *certiorari* to review the proceedings of the municipal authorities of the city of West Point, whereby they granted license to T. O'Flinn to retail vinous and spirituous liquors. The writ was issued returnable to the next term of the circuit court. The defendant appeared and moved to quash the writ and dismiss the petition because the petitioners were not parties to the proceedings sought to be reviewed. The court sustained the motion. From this decision the petitioners appealed.

*White & Fox* and *Fred Beall,* for the appellants.

We call special attention to the case of *State, Gregory, Taylor et al.* v. *Jersey City,* 5 Vroom 390, and the cases there cited. It will be seen that it has been often and expressly decided that writs of *certiorari* to review the proceedings of municipal corporations have been sued out by relators or prosecutors whose rights have not been directly affected, and the same have been sustained.

Our position is that the applicant is in the attitude of a plaintiff in an ordinary suit; that all who do not join in the petition for the license, who are legal voters and residents in the city, are in the attitude of defendants. The publication of the petition is the service of process on the defendants—that is, on all legal voters in the city who have not signed the petition—and if the applicant for license has not done those things necessary to be done to give the city authorities jurisdiction over the persons, the citizens, and legal voters to be affected, and the *res* or subject-matter, then everything that is done by the city authorities is *coram non judice,* and if the municipal authorities rendered a judgment— that is, granted a license—their action was null and void, and any citizen may apply for and prosecute the writ of *certiorari* to have this action reviewed and the license granted vacated and annulled.

*Barry & Beckett,* for the appellee.

Appellants were not parties to the proceedings below by counter petition or otherwise, and hence are not entitled to the writ of *cer-*

*tiorari.   Deberry* v. *Holly Springs,* 6 Ga. 387 ; *Davis* v. *Horne,* 4
G. Greene (Iowa) 94, 95 ; *Starkweather* v. *Seely,* 45 Barb. 167, 168.

It is expressly decided that the grant of a license to retail, by
municipal authorities, is a ministerial act, even though the appli-
cant must produce testimony or a petition to his good moral
character, and the court has to decide on his qualifications, etc.,
and that *certiorari* does not lie to their action in granting such
license even where those conditions precedent are not performed
or shown.   *Commissioners* v. *Kane,* 2 Jones L. (N. C.) 291, 293 ;
Revised Code of N. C. (1885), p. 448, § 6.   To the same effect is
*Regina* v. *Overseers, etc.,* 14 Eng. L. and Eq. 145.   And private
parties have no right to the writ even when they are parties or
contestants before the board.   *Ex parte Lester,* 77 Va. 676, 678 ;
*Cresswell* v. *Commissioners Greene Co.,* 24 Ala. 282-284.

ARNOLD, J., delivered the opinion of the court.

The writ of *certiorari* was properly quashed in this case.

It is the common law rule, as announced by this court in *De-
berry* v. *The President and Selectmen of Holly Springs,* 35 Miss.
385, that none but parties to the record or proceedings sought to
be reviewed can prosecute or maintain a writ of *certiorari.*   The
rule is not changed by statute.

Appellants were not parties to the record, nor signers of a
counter petition against the issuance of license to appellee, nor
signers of a general petition against the granting of license to any
person which had been disregarded by the mayor and selectmen,
nor had they, as far as the record shows, made any objection before
the mayor and selectmen to the granting of license to appellee, and
consequently they were not so connected with the proceedings as to
enable them to invoke the aid of the common law writ of *certiorari.*

*Affirmed.*