## TOWN COUNCIL OF LEXINGTON *v.* J. M. SARGENT.

1. LIQUOR LICENSE. *Certiorari. What reviewable by. Case in judgment.*

   A petition as provided for in § 1103, Code of 1880, was presented to the town council of L., which purported to be signed by a majority of the legal voters, asking that no license to retail vinous and spirituous liquors be granted for the ensuing year. Thereupon the town council passed a general ordinance declaring that no such license should be granted within the period mentioned. S. then filed a petition for a writ of *certiorari* to have this ordinance reviewed and annulled, and therein alleged that before the general petition against the granting of licenses was filed he had presented a petition, complying with all the requirements of law, asking for a license to retail liquors, but failed to allege whether such petition had been finally acted on. The writ was granted, and the procedings containing the ordinance complained of were certified to the circuit court, where a judgment was rendered vacating and annulling the ordinance. *Held,* that this judgment was improper. As the statute did not require any ordinance or record of the decision of the town council on the petition against license, the ordinance here in question was superfluous and is not reviewable by *certiorari.* The determination of such council not to grant license can only be complained of when they have acted upon some application for license.

2. SAME. *Certiorari. Whether party entitled to.*

   And in the case above stated, S. not being a party to the proceedings whereby the ordinance was enacted, cannot have the same reviewed by *certiorari.*

3. SAME. *Certiorari. No judgment to review.*

   And as no final action had been taken on S.'s petition for license, there is no judgment against him which he can have revised.

APPEAL from the Circuit County of Holmes County.

HON. C. H. CAMPBELL, Judge.

Appellee commenced this suit by *certiorari* to review and annul an ordinance or resolution of record, made by appellants, the town council of Lexington, to the effect that in accordance with the petition of a majority of the legal voters of the town, against the issuance of license to sell liquor therein, no such license would be issued for twelve months from the 24th September, 1886, the date when the petition was presented.

In his petition for the writ of *certiorari* it is alleged by appellee

that the petition presented to appellants did not contain a majority of the legal voters of the town; that on it there were the names of minors and non-residents of the town; that before the petition was presented a number of persons who had signed it requested that their names be withdrawn and not counted on the same, which was refused; that the mayor and one of the council were the attorneys and legal advisers of the Prohibition party in the county, and consequently disqualified to act officially on the petition; that said petition was composed of six or eight petitions, different in material respects, combined together as one, and that prior to the filing of these or that petition appellee had filed with appellants a petition for license, signed by a majority of the legal voters of the town and conforming in every respect to the requirements of the statute. It was not alleged that any final action had been taken on appellee's petition.

The writ of *certiorari* was issued on appellee's petition therefor, and in obedience thereto appellants returned a certified transcript of their proceedings in regard to not granting license on the general petition, and on this the cause was tried. Judgment in the court below annulled the ordinance or resolution of the council that they would not grant liquor license for twelve months, etc., and taxed the council with cost, and they appealed.

*W. L. Dyer*, for the appellants.

1. Section 1103 of the code provides that whenever a petition signed by a majority of the voters of a town against the granting license to retail spirituous liquors is presented to the municipal authorities, no such license shall be granted for twelve months from the time the petition is presented. Upon the presentation of the petition no action is required of the municipal authority other than the ascertainment of whether or not it is a majority petition; and if it is a majority petition then the law is imperative in its prohibition against further grant of license for twelve months. There is nothing judicial in the functions granted the municipal authority in the matter of license. Even if there was no majority petition presented to the board it was a matter purely in their discretion— a discretion from whose exercise there is no appeal or review—to

grant or refuse retail licenses.   They could, in our opinion, exer-
cise this discretion by refusing to grant each liquor license as it
came up for action or by passing a general ordinance and adhering
to it on each petition as it came up.

Whether or not we are correct ʼin this latter view as to the
extent of the discretionary authority, we deem it undeniably true
that after the filing of the majority petition the functions of the
municipal authorities are purely ministerial and are limited to the
ascertainment of whether it is a majority petition or not; and the
facts as to the number required to constitute a majority cannot be
inquired into in a proceeding of this nature.   "Although a cer-
*tiorari* will lie to review *judicial* acts of municipal corporations, it
is otherwise as to acts simply ministerial."  *People* v. *Mayor of New
York*, 5 Barb. 43; 2 Waite 138.   "Nor will the writ lie to correct
or remedy the conduct of canvassers of elections, their duty being
*ministerial* and not judicial."   *People* v. *Van Slyck*, 4 Com. 297–
323; 2 Waite 189.

2.  There is nothing in the record going to show that J. M. Sargent
was a party to or interested in the proceedings sought to be annulled
by the *certiorari*.

"A party who is not in any way affected by the proceeding and
who is a stranger to the record cannot have the writ."    2 Waite's
Actions and Defenses 139.

It is the common-law rule, as announced in this court in *De
Cerry* v. *President and Selectmen of Holly Springs*, 35 Miss. 385, that
none but parties to the record or proceeding can prosecute or main-
tain *certiorari*.   *McCreary* v. *O'Flinn*, 63 Miss. 204.

*C. V. Gwin,* for the appellee.

1.  There was neither a demurrer to the petition nor a motion to
quash the writ of *certiorari* in the court below, and the quality of
the act complained of—as to whether it was *quasi*-judicial or legis-
lative—nor the quality of the interest of Sargent in that act—as to
whether he was a party to the record or proceedings—since they do
not go to the jurisdiction of the circuit court, cannot now for the
first time be brought into question in this court.   Whatever may
be waived is in the appellate court presumed to have been waived

if not presented in the trial court. This question is so constantly acted on and well understood by the court that I only need to call attention to it.

2. If appellant had demurred to the petition or moved to quash the writ on the ground that the proceedings of the town council were not of that character of proceedings by inferior tribunals which are reviewable on *certiorari*, such demurrer or motion should not have been sustained.

In *Corbett* v. *Duncan*, 63 Miss. 84, and *Loeb & Co.* v. *Duncan*, Ib. 89, it is held that the act of the municipal boards granting license to retail liquors is *quasi*-judicial, and that *certiorari* is the proper remedy for the unlawful grant of license.

The converse of the proposition, that the act of a municipal board refusing to grant license to any one *whatsoever* is a *quasi*-judicial act, and that *certiorari* is the proper remedy to annul the unlawful order of refusal, should seem to be correct. True, the conditions are not entirely similar, but the difference is not so wide as to affect the quality of the municipal act—if a judicial act is one that *determines what the law is,* or one that undertakes to determine a question of right or of obligation as the foundation upon which it proceeds. I believe it may be affirmed that the order or resolution now complained of is more nearly judicial than the orders adjudged to be so in the cases above cited, for it undertakes to determine that the provision of § 1103, Code 1880, which in certain contingencies prohibits the sale of *spirituous* liquors for twelve months, was then in force, and that a *majority of the resident legal voters* of the town had called the provision into active operation, and had put in abeyance the other provision of the section by which under certain conditions theretofore it had been lawful to retail liquors in the town.

3. Had a demurrer to the petition been filed or motion to quash the writ been made on the ground that Sargent was not a party to the record or proceedings, such demurrer or motion should not have been sustained.

It is not perceived how in any manner authorized by the statute a person can be made a direct adverse party of *record* in such mat-

ters, or, in any manner authorized by law, be an adverse party to the *proceedings* otherwise than Sargent was.

He had before the town council a petition in due form asking that license be granted to him to retail liquors. The fact that Sargent was thus a party to and connected with the *proceedings*, as stated in his petition, is sufficiently shown in the record of the town council certified to the circuit court.

The council did not in specific terms refuse to grant license to Sargent or make any specific disposition of his application, but do dispose of it in general terms by adopting an order, motion, resolution, or whatever it may be called, declaring "that no license be granted any one," etc.

But this only serves to show the justice of the law of appellate courts before adverted to, for, if a motion to quash the writ had been made in the circuit court, then, if necessary, upon proper suggestion, the application of Sargent for license might have been brought up as a part of the record of the town council, showing that Sargent was directly connected with and affected by the proceedings of the council.

ARNOLD, J., delivered the opinion of the court.

Success to either party in this case is a barren victory. If a motion to dismiss or quash the proceedings had been made in the lower court, it would, no doubt, have been sustained. Appellee was not a party to the proceedings sought to be reviewed, and for that reason not entitled to the remedy by *certiorari* for that purpose. *McCreary* v. *O'Flinn*, 63 Miss. 204.

No final action had been taken on his petition for license, and until that was done there was no judgment against him which he could have revised by *certiorari*. Powell on Appellate Proceedings 349, 355.

The petition of the majority, or what purported to be the majority, of the legal voters of the town, to the town council, not to grant license to any one to retail liquor therein for twelve months, required no general ordinance or decision to be made matter of record by the council, to the effect, either that they would, or would

not grant any license thereafter during that time, and the general order or ordinance made by them was not reviewable by *certiorari.* The statute simply provides that after such petition is presented no license shall be granted for twelve months. Code, § 1103. An ordinance or judgment of record by the council that they would obey the law and grant no license was wholly unnecessary and superfluous. Whether they would obey the law or not was to be tested by their action on specific applications for license, if such were afterward made, and until then there was no ground to complain by legal process of their action on the subject.

*The judgment is reversed and the proceedings dismissed.*