Thornton et. al. v. Town of Charleston.

[68 South. 169—67 South. 856.]

1. MUNICIPAL CORPORATIONS. *Detachment of territory. Review. Statute. Person aggrieved. Persons interested. Powers. Judicial supervision. Reasonableness of ordinance.*

Under Code 1880, section 2351, providing that any person who may conceive himself aggrieved by any judgment or decision by the board of supervisors, may appeal to the next term of the circuit court, where the parties appealing from an order of the board of supervisors adopting an ordinance, proposing to cut off a district from a municipality, were not residents or property-owners in the district taken from municipal control, such parties were not persons aggrieved, since "persons aggrieved" is synonymous with "persons interested," which are persons subjected to substantial grievance, as a denial of some personal or property rights, or imposition of a burden or obligation.

2. MUNICIPAL CORPORATIONS. *Powers. Ordinance. Statutes.*

Since Code 1880, section 2351, providing that any person who may conceive himself aggrieved by any judgment or decision of the board of supervisors may appeal to the next term of the circuit court, confers upon the courts an exceptional power, the courts should not enlarge or extend the right of appeal by giving a broader meaning to the phraseology of the statute than is warranted by the words employed.

APPEAL from the circuit court of Tallahatchie county.
HON. N. A. TAYLOR, Judge.
Motion to correct judgment. See 67 So. 856.
*Wells, May & Sanders,* for appellant.
*T. E. Cooper* and *Dinkins & Caldwell,* for appellee.

COOK, J., delivered the opinion of the court.

Some time since this case was affirmed, without an opinion or statement indicating our reasons for the affirmance. There are two questions presented by this record, and the decision of either in favor of appellee would result in an affirmance. The two questions for

us to answer are: (1) Are appellants ''persons interested'' in the meaning of the statute? (2) Does the evidence show that the ordinance was reasonable?

We have now a motion, filed by appellee, asking that the court enlarge its former judgment by giving our reasons for affirming the case. The reason for this motion is that, should we hold that Mr. Thornton and his co-complainants were not ''persons interested'' within the meaning of the statute and had no right of appeal, then there was no case before the circuit court, and the ordinance excising from the municipality the territory in question would go into effect thirty days after its passage. As we understand from the brief of counsel for appellant, they are quite willing for us to give our reasons for affirming, provided, always, that our reasons are in accordance with their view of the law, but they are not willing, if our reasons should happen to be contrary to their views. We believe now that an opinion should have been written, because of the importance to the general public of the question just stated, and will therefore proceed to write our views.

It appears by the record that these objectors were not residents of, nor did they own any property in, the district which the ordinance cut out of the town. Our attention has not been called to the decision of any court wherein it was held that a person not residing in the excised district, and not being the owner of any property therein, is a person so interested in an ordinance proposing to excise the district from a municipality as to confer upon him a right of appeal from an order of the authorities of the municipality adopting the ordinance. A number of cases have been cited, but in all it appears that the person appealing was either a resident of or a taxpayer in the excised district. We have been unable to find any authority wherein this question was raised, where the objector was not a resident or a taxpayer in the district. So we are without

direct authority upon the precise question, and must look to principle for a solution of the problem.

In *Deberry* v. *Holly Springs,* 35 Miss. 385, this court was considering a case in which it appeared that the board of police of the county had issued a license to retail intoxicating liquors within the limits of the town of Holly Springs. The board of aldermen of the town obtained a writ of *certiorari* from the circuit court to review this action of the board of police, claiming that the statute then in force conferred the right upon the board of aldermen alone to grant licenses to retail within the town limits; and upon the municipality the right to collect license fees. The court held municipal authorities came within the meaning of the statute giving a right of appeal from orders of the county board to persons aggrieved. In that particular case the question was whether the statute giving a right of appeal could be resorted to by *certiorari* proceedings, and this question was answered in the affirmative. This case also holds that the municipality had a peculiar right and therefore came within the statute.

In *McCreary* v. *Rhodes,* 63 Miss. 308, and in *Collins* v. *Barrier,* 64 Miss. 21, 8 So. 164, this court held that parties who had filed protest or who had signed counter petitions to applications for the issuance of license to retail were parties to the record.

In *McCreary* v. *O'Flinn,* 63 Miss. 204, and in *Lexington* v. *Sargent,* 64 Miss. 621, 1 So. 903, this court decided that persons who had not signed counter petitions and had not protested the action of the municipal board before the adoption of orders, had no right to have the court review the proceedings of the municipal authorities by *certiorari.*

As we understand the decisions in the four last-named cases, the court was talking about the statutory scheme providing for the granting of licenses to retail, which gave the right to voters to decide whether or not li-

censes should be issued.   In the cases where it was
shown that voters had registered their objections before
final action was taken, this court held that they had a
right to ask the court to review the proceedings.   In the
cases where it appeared that the objectors had not reg-
istered their objections in time, it was held that they
had no standing in court.

In *Ferguson* v. *Monroe County*, 71 Miss. 524, 14 So.
81, the court was again considering statutes governing
the sale of intoxicants.   A petition had been filed with
the board of supervisors requesting that an election be
held to determine whether or not intoxicating liquors
should be sold in the county.   In accordance with the
statute a protest was filed by certain qualified electors.
The protestants appealed from the decision of the board
ordering an election.   The circuit court overruled a mo-
tion to dismiss the appeal, but rendered a judgment af-
firming the decision of the board of supervisors order-
ing the election.   From this judgment the protestants
appealed to this court.   It was insisted in this court
that the motion to dismiss the appeal should have been
sustained.   This contention was not sustained by this
court.   It is evident that the court took a broad view of
the statutory scheme providing for a vote by the peo-
ple upon the question of licensing the sale of intoxicat-
ing liquors, and held that any qualified elector had a
right of appeal from an order calling an election to test
that question.   The statute made all electors persons
interested, and being interested and proper parties to
the dispute, it was held that they had a right of appeal
under the general statute providing for appeals.

In *Wilson* v. *Wallace*, 64 Miss. 13, 8 So. 128, the rea-
sons for sustaining the right of appeal in that case is
stated thus:

"Wilson, being a taxpayer in the county of Holmes,
was entitled to appeal from the order of the board of
supervisors allowing the claim against the county pre-

sented by the appellee. Notwithstanding the fact that his taxes for his proportion of the sum allowed may be small, yet the taxpayers of a county are individually and collectively interested in all cases where claims are presented against the county, since from them must be raised by taxation the money necessary to discharge them. The language of section 2351 of the Code (1880) is that: 'Any person who may conceive himself aggrieved by any judgment or decision of the board of supervisors may appeal to the next term of the circuit court.' It is not necessary that the party appealing shall be technically a party to the proceedings before the board. *Deberry* v. *Holly Springs,* 35 Miss. 385.''

In *Ruff* v. *Montgomery,* 83 Miss. 185, 36 So. 67, this court said:

''In legal acceptation a party is aggrieved by a judgment or decree when it operates on his rights of property or bears directly upon his interests.''

In *Forbes* v. *Meridian,* 86 Miss. 252, 38 So. 678, this court said that the revenue to be derived from the territory to be embraced in the corporate limits, affords no ''criterion by which to judge the reasonableness of the ordinance.'' We do not overlook the further expression of the court indicating that the benefits to the inhabitants within the original borders from extension of sanitary control of the added district may be taken into consideration in determining whether or not the ordinance extending the limits is reasonable. For the purposes of this decision it may be admitted that sanitary conditions may be a factor; but we do not think that this alone would justify us in holding that appellants are persons interested in the sense of the statute. The ''person aggrieved,'' as used in the statute providing that such persons may appeal, means the ''person interested.'' *Woodward* v. *Spear,* 10 Vt. 420. So, in the consideration of decisions bearing on this question, we have construed ''persons aggrieved'' and ''persons

interested'' as synonymous terms, and we think this court, in *Deberry* v. *Holly Springs, supra*, decided that the municipality being directly interested in the granting of licenses, and in collecting the fees, was aggrieved by the action of the board of police. In other words, no person has a right to appeal unless they have some personal or property right in the proceedings.

Generally speaking, the courts are not permitted to review legislative acts for the purpose of ascertaining whether the acts are reasonable, but the statute does give the right of appeal to interested persons in the legislative act here involved, and the question to be determined by the courts on appeal is whether the act is reasonable. This statute confers upon the courts an exceptional power, and it follows that the courts should not enlarge or extend the right of appeal by giving a broader meaning to the phraseology of the statute than is warranted by the words employed. The term "persons interested" refers to a "substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation."

The personal right of appellants in this matter, if any, is the same right that the public generally may have in the proceedings. They have no property right at all, and no burden or obligation is imposed upon them by the ordinance excising from the town the district in which he has no personal or property interest. The only apparent reason for wishing to hold on to the territory is to collect from the owners municipal taxes, and this can afford no criterion for the solution of the question as to the reasonableness of the ordinance. The alleged necessity for the control of the sanitary conditions in the excised district is not a right personal to appellant, and certainly he has no property interest in the subject.

It will not be presumed that the legislature intended to give the right of appeal in cases of this kind to any person who may happen at the time to be a resident of

that part of the town which will be left in the munici-
pality, where he can have no peculiar interest in the
matter. The "persons interested," in the meaning of
the statute, must be confined to residents or property
owners in the territory affected—the district cut off
from the benefits of municipal control.

*Affirmed.*