# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-60255
Summary Calendar

NOTTINGHAM CONSTRUCTION COMPANY, L.L.C.

Plaintiff-Appellant

v.

CITY OF WAVELAND

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1151-LG-RHW

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This case arises from a complaint filed by Nottingham Construction Company, L.L.C. ("Nottingham") against the City of Waveland ("Waveland") as a result of Waveland's award of a construction project to Hemphill Construction Company ("Hemphill") pursuant to a public bidding process. Nottingham alleges that the contract resulted from collusion, bid rigging and/or favoritism. The district court granted Waveland's motion to dismiss on the basis of a statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirement that any appeal of a decision by a municipality be filed within ten days from the date of the decision. For the reasons stated herein, we affirm.

I.

In December 2006, Waveland received bids from numerous contractors for a sewer and water system reconstruction project (the "Project"). During the bidding process, Waveland's engineer, Digital Engineering and Imaging, Inc., told Nottingham that it could not use excavated materials as select backfill on the project. This information was significant because Nottingham alleges that the use of excavated materials as select backfill, as opposed to hauling in new material to use as backfill, can dramatically reduce the expense of the project. The written communications concerning use of excavated materials as backfill were attached to Contract Addendum No. 2 for the Project at the request of Nottingham.

Nottingham's bid of $27,472,620.00 was the second lowest among the contractors. Nottingham asserts that the use of excavated materials as select backfill would have reduced its bid for the project by $4,000,000.00. The lowest bid for the project was submitted by Hemphill in the amount of $23,639,425.00. Waveland awarded the contract to Hemphill, which was executed on April 4, 2007. Nottingham does not dispute that it knew the contract was awarded to Hemphill.

After the project had been underway for several months, a Nottingham representative witnessed Hemphill using excavated materials as backfill. Nottingham contacted the engineering firm regarding the use of excavated materials as backfill and alleges that a representative of the engineering firm admitted that the materials were being used and also admitted that Hemphill was not required to use a deductive change order to reflect the lower costs. Nottingham alleges that since Hemphill was allowed to use excavated materials as backfill, the contract resulted from collusion, bid rigging, and/or favoritism.

On August 29, 2007, Nottingham notified Waveland of its claim for damages and its protest of the award of the Project. Waveland sent a letter through its attorney denying Nottingham's request for a hearing on its claim for damages. On October 19, 2007, Nottingham filed a Complaint against Waveland seeking damages it allegedly suffered when it was not awarded the contract for the Project.

In response to the complaint, Waveland filed a motion to dismiss challenging the timeliness of Nottingham's complaint under MISS. CODE ANN. § 11-51-75. The district court agreed that Nottingham's complaint was not timely filed and dismissed it pursuant to FED. R. CIV. PROC. 12(b)(6).

II.

We review de novo the district court's order on a motion to dismiss under Rule 12(b)(6). In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, Chehardy v. Allstate Indem. Co., --- U.S. ---, 128 S. Ct. 1231 (2008) and Xavier Univ. of La. v. Travelers Cas. Prop. Co. of Am., --- U.S. ---, 128 S. Ct. 1230 (2008). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Id. (internal quotations omitted). Because this case is in federal court based on diversity jurisdiction, we must follow Mississippi's substantive law as interpreted by Mississippi's highest court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001).

MISS. CODE ANN. § 11-51-75 provides:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.

The Mississippi Supreme Court has held that the ten-day time limit is mandatory. Newell v. Jones County, 731 So. 2d 580, 582 (Miss. 1999). Accordingly, an action challenging a municipality's decision to enter into a contract must be filed within ten-days of date of adjournment of session where the decision was made or the claims will be dismissed. Id. It is undisputed that Nottingham's claims challenging Waveland's contract with Hemphill were not filed within ten days from the date of the contract.

Nottingham asserts that § 11-51-75 does not apply to the present case because Waveland has not made any final decision with respect to Nottingham's protest. We disagree. The decision to award the contract to Hemphill, not the resolution of Nottingham's protest, is the basis of Nottingham's claims. Nottingham cannot restart the clock on its deadline to challenge the award of the contract to Hemphill by filing an untimely protest. Otherwise, the ten-day requirement of § 11-51-75 would be meaningless.

In support of its argument, Nottingham relies almost entirely on Shepard v. City of Batesville, No. 2:04-CV-330, 2007 WL 108288, (N.D. Miss. Jan. 8, 2007). In Shepard, the plaintiff demonstrated that he was the lowest and best bidder on several contracts to perform earthmoving work for the City of Batesville. 2007 WL 108288 at *6. Although the city found him to be the lowest and best bidder, the city only gave him one of the jobs. Id. The city claimed that it hired other contractors to perform the rest of the work because it could not reach the plaintiff by telephone. Id. The court held there was no evidence that the city ever made a final decision awarding the other jobs to different bidders or gave notice of any such decision. Id. As a result, the court held that the ten-day time limit provided for under § 11-51-75 was never triggered. Id.

Shepard is not binding on this court. To the extent that it is persuasive authority, it is clearly distinguishable. The pivotal fact in Shepard was that the city decided that the plaintiff was the lowest and best bidder but then used other

bidders without notice to the plaintiff. Id. In the present case, Nottingham was never declared the lowest and best bidder, Waveland gave notice that the contract was awarded to Hemphill, and the decision to award the contract to Hemphill was a final decision. Therefore, Nottingham's reliance on Shepard is misplaced.

Nottingham also argues on appeal that it did not become a "person aggrieved" under § 11-51-75 until it witnessed Hemphill's use of excavation materials as backfill several months after the decision to award the contract was made. In its response to Waveland's motion to dismiss, Nottingham never asserted to the district court that it was not a "person aggrieved" when the contract was awarded to Hemphill. Rather, Nottingham's argument to the district court was based on its contention that there was no final decision to appeal pursuant to § 11-51-75. Because Nottingham raises this argument for the first time on appeal, we will review only for plain error. See Crawford v. Falcon Drilling Co., 131 F.3d 1120, 1123 (5th Cir. 1997). Under plain error review, "we must determine (1) if there was error, (2) if that error was plain, (3) if the error affects substantial rights, and (4) whether allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1124 (emphasis added). The test is conjunctive, meaning that before we can reverse, all four prongs must be met. Even assuming, arguendo, that the district court erred, any such error was not plain.

Nottingham's claims are based on the theory the contract awarded to Hemphill by Waveland resulted from collusion, bid rigging, and/or favoritism. If Nottingham's allegations of bid rigging are true, as we assume for purposes of this appeal, then Waveland's wrongful conduct and Nottingham's injury

occurred when the contract was awarded to Hemphill, not when Nottingham became aware of the alleged bid rigging.[1]

Nottingham fails to cite any authority for the proposition that a person who is injured by a final decision of a municipal authority is not a "person aggrieved" until he becomes aware that the decision was the result of wrongful conduct. The two Mississippi Supreme Court cases it cites only stand for the proposition that a "person aggrieved" must have some interest in the decision appealed, although that interest need not be recognized as a property interest. See Nelson v. City of Horn Lake, 968 So. 2d 938, 944-45 (Miss. 2007) (holding that a losing bidder was a "person aggrieved" under § 11-51-75 although it did not have a property interest in the contract awarded to another bidder); Thornton v. Town of Charleston, 68 So. 169, 171 (Miss. 1915) ("we have construed 'persons aggrieved' and 'persons interested' as synonymous terms"). Nothing in either Nelson or Thornton suggests that an unsuccessful bidder is not a "person aggrieved" until he becomes aware of wrongful conduct that occurred during the bidding process. The district court did not plainly err in holding that Nottingham was a "person aggrieved" under § 11-51-75 when the contract was awarded to Hemphill.

Nottingham's arguments essentially boil down to the contention that § 11-51-75 is bad public policy because it allows undiscovered acts of bid rigging to go unchecked. Of course, as Nottingham itself notes, the statutes regarding bidding are designed to protect the taxpaying public. There are several criminal statutes that protect taxpayers from fraudulent and collusive bidding in public works contracts. See, e.g., Miss Code Ann. §§ 97-7-11, 97-11-31, 97-11-53, 97-15-

---

[1] If there was no bid rigging at the time the contract was entered into, then Nottingham has no interest in the contract and lacks standing to challenge the failure of Waveland to require a deductive change order for the use of excavated materials as select backfill on the project. See Nelson v. City of Horn Lake, 968 So. 2d 938, 945 (Miss. 2007) (holding that lowest priced bidder did not have property interest in contract awarded to competitor).

11. Thus, the implication that this court must fashion some remedy to avoid the effects of § 11-51-75 in order to promote public policy against bid rigging is unavailing. If Hemphill has committed wrongdoing, redress for taxpayers exists.

Although not raised by Nottingham in response to Waveland's motion to dismiss,[2] the district court also considered whether the "discovery rule" could save Nottingham's claims. The district court concluded that the discovery rule does not apply to § 11-51-75. In its briefs to this court, Nottingham again does not discuss whether the discovery rule applies to § 11-51-75.[3] Because Nottingham does not assert in its briefs that the discovery rule tolls the ten-day time limit under § 11-51-75, that issue has been waived on appeal. See Audler v. CBC Innovis Inc., 519 F.3d 239, 255 (5th Cir. 2008) ("A party waives an issue if he fails to adequately brief it" (internal quotation marks omitted)); see also FED. R. APP. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

Accordingly, the judgment of the district court is AFFIRMED.

---

[2] The closest it came in the district court was the following, which was part of a section containing no citation to cases discussing the discovery rule: "Nottingham had no knowledge of its claims against Waveland nor could it possibly have been expected to have knowledge of such claims. . . . It was impossible for Nottingham to learn of Waveland's illegal actions . . . ."

[3] The Mississippi Supreme Court recently addressed this question in Caves v. Yarbrough, No. 2006-CA-01857-SCT, 2007 WL 3197504 (Miss. Nov. 1, 2007), motion for reh'g argued and submitted (June 10, 2008).